# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MICHAEL P. VAN METER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11 CV 31 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Michael P. Van Meter, a *pro se* plaintiff, filed a document labeled "Petition for Writ of Error Coram Nobis," along with a motion for leave to proceed *in forma pauperis*. (DE # 1, 2.) Under the *in forma pauperis* statute, this action must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Upon review, Van Meter's filing is frivolous. It is apparent that he is attempting to challenge his 1991 convictions in Tippecanoe County for burglary and theft. (DE # 1.) He challenged these same convictions in a habeas petition filed in this Court in 1998, which was denied on the merits. *Van Meter v. Anderson*, 3:98-CV-460 (N.D. Ind. order dated Dec. 23, 1998). He appealed to the U.S. Court of Appeals for the Seventh Circuit, but his motion for a certificate of appealability was denied. *Id.* (DE # 34.) He has since

completed his sentence and been released from prison, and he is apparently seeking another opportunity to prove that he was wrongfully convicted.[1]

*Coram nobis* is a common law writ that was traditionally used to alert courts to factual errors in criminal cases that "had not been put in issue or passed upon," *United States v. Mayer*, 235 U.S. 55, 68 (1914), and were "material to the validity and regularity of the legal proceeding itself," such as that the defendant was under age or died before the verdict. *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996). *Coram nobis* "came into being when appellate review was unavailable or severely limited in criminal cases, and when the writ of habeas corpus was available only to test the court's jurisdiction." *United States v. Bush*, 888 F.2d 1145, 1147 (7th Cir. 1989). Like all common law writs, *coram nobis* is theoretically available in federal court under the All Writs Act. 28 U.S.C. § 1651; *Carlisle*, 517 U.S. at 429. However, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Carlisle*, 517

---

[1] Van Meter has been persistent, and creative, in challenging his conviction. Before his conviction became final he filed a *pro se* petition for writ of habeas corpus in state court, which the Indiana Supreme Court determined was an inappropriate substitute for an appeal. *Van Meter v. Heath*, 602 N.E.2d 143 (Ind. 1992). After he lost on direct appeal, he sought what was essentially post-conviction relief in the form of a motion for relief from judgment under the INDIANA RULES OF CIVIL PROCEDURE. *Van Meter v. Indiana*, 650 N.E.2d 1138 (Ind. 1995). The Indiana Supreme Court affirmed the denial of the motion, holding that Van Meter was required to seek relief under the state's post-conviction procedures. *Id.* Van Meter later pursued post-conviction relief, which was denied. *Van Meter v. Indiana*, 79A04-9705-PC-199 (Ind. Ct. App. order dated Mar. 9, 1998). He also filed three separate requests for leave to pursue a successive post-conviction petition in state court, all of which were denied. *Van Meter v. Indiana*, No. 79A05-0407-SP-395 (Ind. Ct. App. order dated Sept. 7, 2004);*Van Meter v. Indiana*, No. 79A02-0305-SP-393 (Ind. Ct. App. order dated Aug. 12, 2003); *Van Meter v. Indiana*, No. 79A04-0209-SP-418 (Ind. Ct. App. Dec. 6, 2002).

U.S. at 429. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* Accordingly, the Supreme Court has found it "difficult to conceive of a situation" where a writ of *coram nobis* would be "necessary or appropriate" today. *Id.* To the extent the writ retains any vitality in criminal proceedings, relief is limited to "(1) errors of the most fundamental character that render the proceeding invalid, (2) situations where there are sound reasons for the failure to seek earlier relief; and (3) instances when the defendant continues to suffer from his conviction even though he is out of custody." *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007).

Here, Van Meter is seeking to challenge a state conviction, a process governed by the stringent requirements of the Anti-Terrorism and Effective Death Penalty Act. 28 U.S.C. § 2254. "Prisoners cannot avoid the AEDPA's rules by inventive captioning." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). As stated above Van Meter already pursued federal habeas relief in connection with his 1991 convictions, and if he wished to pursue a second or successive petition, he was required to seek leave in the U.S. Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. § 2244(b); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). As Van Meter points out, this process is no longer available to him since he cannot satisfy the "in custody" requirement contained in 28 U.S.C. § 2254(a). However, it would be wholly inappropriate for the court to permit Van Meter to bypass the requirements of AEDPA by refusing to seek relief that was available to him when he was incarcerated, just so he could seek relief under a common

3

law writ once he was released.² *Godoski v. United States,* 304 F.3d 761, 763 (7th Cir. 2002) (petitioner could not use *coram nobis* where she missed the deadline for seeking relief under AEDPA because "it is entirely inappropriate for the judiciary to invoke the common law to override limitations enacted by Congress[.]").

There are additional problems with Van Meter's filing. For *coram nobis* to apply the petitioner must show that he continues to suffer a "lingering civil disability" as a result of his conviction even though he is no longer in custody. *Sloan*, 505 F.3d at 697. This requirement has three elements: "(1) the disability must be causing a present harm; (2) the disability must arise out of the erroneous sentence; and (3) the potential harm to the petitioner must be more than incidental." *Id.* The petitioner must establish more than just reputational injury, loss of money, or other normal incidents of a criminal conviction. *Id.; Bush*, 888 F.2d at 1148. Here, Van Meter suggests that he satisfies this requirement because he served 18 years in prison (DE # 1 at 3), but this is incorrect. Van Meter has failed to establish that he is under a lingering civil disability as a result of his fully executed conviction.

---

² Van Meter cites to a Ninth Circuit case for the proposition that a petitioner may use *coram nobis* to challenge his conviction on Sixth Amendment grounds when he is not in custody. *See United States v. Mett*, 65 F.3d 1531, 1533-34 (9th Cir. 1995). Aside from the fact that this is an out-of-circuit case that is not binding on this court, the case is distinguishable. In *Mett* the defendant (a corporation) was sentenced only to payment of a fine; it was never in custody and thus had no opportunity to pursue habeas relief. *Id.* By contrast, Van Meter was in custody for nearly 18 years and had an ample opportunity to pursue—and in fact did pursue—federal habeas relief.

Furthermore, he has not established that there were "sound reasons for the failure to seek earlier relief." *Sloan*, 505 F.3d at 697. Indeed, as stated above Van Meter did raise several of the ineffective assistance claims in prior proceedings, and *coram nobis* cannot be used to relitigate issues that were already decided. *See Mayer*, 235 U.S. at 68; *Bush*, 888 F.2d at 1146. To the extent any of the ineffective assistance claims are different than those he raised earlier, it is apparent from Van Meter's filing that these claims were or should have been known to him 20 years ago when he sat through the trial. (*See* DE # 1 at 3-4, 14-15.) Under AEDPA, Van Meter was required to bring these claims within one year of the date his conviction became final, and it would be wholly inappropriate for the Court to permit him to use a common law writ to bypass the time deadlines set forth in AEDPA. *See Godoski,* 304 F.3d at 763.

For these reasons, the motion to proceed *in forma pauperis* (DE # 2) is **DENIED** and the "Petition for Writ of Error Coram Nobis" (DE # 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). Michael Van Meter is **CAUTIONED** that further frivolous filings attempting to challenge his 1991 convictions may result in the imposition of sanctions, including but not limited to filing restrictions or a monetary fine.

**SO ORDERED**.

Date: June 7, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT